IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James A. Seabrook, ) | |
| ) | Civil Action No.2:13-cv-3548-RMG-WWD |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Moncks Corner PD, Frankie Thompson, ) | |
| Shawanda S. Wilder, and PTL Dozier, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

This matter is before the Court upon Defendants' Motion for Summary Judgment. (Dkt. No. 36.) Plaintiff has responded in opposition to the motion and Defendants have filed their reply. In this posture, the matter is ripe for disposition. For the reasons which follow, the motion should be granted.

**DISCUSSION**

Plaintiff's complaint centers on circumstances leading to his arrest on state-court drug charges. The Defendants are police officers with the Moncks Corner Police Department and the Moncks Corner Police Department itself. In support of summary judgment, Defendants show that Officers Dozier and Winder responded to a call at the Carolina Inn Motel in Moncks Corner. Upon their arrival they met a female victim who claimed that she had been assaulted by Plaintiff; she directed them to the room where they were staying and where she believed that Plaintiff was still located. Dozier and Winder went to the room and found a second female who had rented the room. She denied that Plaintiff

was in the room, but when the officers asked for permission to search the room she consented to the search. The officers found Plaintiff hiding under a bed in the room. Officer Winder arrested Plaintiff and Officer Dozier looked around in a protective sweep to make certain that there were no other occupants. In the same room where Plaintiff was arrested, Dozier found a clear plastic bag on a shelf. The bag was in an open box and contained a green leafy material visible by sight - the packaging and green leafy material suggested that it was marijuana. While all were still in the room, Plaintiff asked for a cigarette from a Newport box. The officers found a white powdery material and several pills in the Newport box. Defendant Thompson arrived at the scene to identify the contraband substances.

In his opposition to summary judgment, Plaintiff shows that he is a Black man and the complaining assault victim is a white female and the woman who rented the motel room is also a white female. He complains that he was arrested without probable cause because of his race, and that the search which led to finding and the seizure of the drugs was "illegal". His position is that "once I was located permission of the search terminated. . . ." Plaintiff's Opposition to Summary Judgment, p.2. And the search beyond that point was unlawful. Plaintiff makes much of a statement he attributes to Officer Thompson to the effect "Black male and two white girls wheres the drugs." Id. (quoted as in the original). Plaintiff claims that he is the victim of bias because he was the only one arrested on the charges of drugs that were "located in common area and that all present had access to." Id. He claims that all three parties in the room were subject to arrest, not just him. See id. p.7 ("3 subjects within a hotel room, and drugs are found in a common area. . . .").

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the

evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "[t]he opposing party must demonstrate that a triable issue of fact exists; [the opposing party] may not rest upon mere allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

In making a determination on a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Judges are not required "to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." Id. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). Thus, the moving party can bear its burden "either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim." Miles v. Bollinger, 979 F.2d 848 (4th Cir. 1992) (unpublished table decision) (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

Plaintiff cannot withstand the properly supported summary judgment motion of the Moncks Corner Police Department. A civil action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of

3

Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's purported Section 1983 claim against the police department fails. To the extent he seeks to hold the Moncks Corner Police Department liable simply because they employed the defendant officers, such an attempt fails. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"); see also Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977). Pursuant to Monell, a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom. See Monell, 436 U.S. at 694; see also Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000). As set forth below, the individual defendants did not violate Plaintiff's constitutional rights. In addition, Plaintiff makes no allegations that the alleged wrongful conduct of the individual defendants was in furtherance of a policy, custom, or practice of the Moncks Corner Police Department. Defendant Moncks Corner Police Department is entitled to summary judgment. See, e.g., Milligan v. City of Newport News, 743 F.2d 227, 230 (4th Cir. 1984) (affirming dismissal for failure to state a claim where, *inter alia*, "[t]here [was] . . . no properly pleaded allegation of the existence of a 'policy, practice or custom' upon which municipal liability for the deprivations allegedly suffered by [the plaintiff] could be based").

Similarly, Plaintiff's claims against the individual police officers cannot withstand a properly supported summary judgment motion. First, is seems clear on its face that Plaintiff concedes that the contraband drugs were in plain view. He acknowledges that the drugs were in a "common area" accessible to all in the room. See Plaintiff's Opposition to Summary Judgment, pp.2 & 7. Clearly the police officers could search the immediate area where Plaintiff was found hiding under the bed in the motel room, and contraband within plain view as that search progressed was subject to seizure without constitutional restraint. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) ("[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."); Texas v. Brown, 460 U.S. 730, 738 (1983) ("'[P]lain view' provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment."); United States v. Rumley, 588 F.3d 202, 205 (4th Cir. 2009) ("Pursuant to this plain-view doctrine, an officer may, without a warrant, seize 'incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent.'" (quoting United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997))).

Moreover, to the extent that Plaintiff complains that an officer noted Plaintiff's race and the race of the white women in the room, the officer's subjective views have no bearing on an arrest supported by probable cause. Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. See, e. g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (claims of

false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted). "[W]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Id. (citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)). "[T]he reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 184 n.5 (4th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). "[T]he subjective state of mind of the defendant, whether good faith or ill will, is irrelevant in this context." Id. (citing Graham, 490 U.S. at 397); see also Devenpeck, 543 U.S. at 153 ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."); Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). The individual defendants are therefore entitled to summary judgment.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Defendants' Motion for Summary Judgment (Dkt. No. 36) be GRANTED.

IT IS SO RECOMMENDED.

*[signature]*

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 10, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).