IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

James A. Seabrook,                          )
                                            )
                Plaintiff,                  )        No: 2:13-cv-3548-RMG
                                            )
                                            )        ORDER
                                            )
v.                                          )
                                            )
Moncks Corner PD, Frankie Thompson,         )
Shawanda S. Wilder, and PLT Dozier          )
                                            )
                Defendants.                 )
                                            )
_____)

This matter is before the Court on the Report and Recommendation ("R&R") of the

Magistrate Judge recommending that the Court grant Defendants' Motion for Summary

Judgment (Dkt. No. 42) and dismiss Plaintiff's civil rights claim under 42 U.S.C. § 1983.

Plaintiff has not filed an objection to the Magistrate Judge's recommendation. For the reasons

set forth below, the Court agrees and ADOPTS the R&R as the order of the Court. Accordingly,

the Defendants' Motion for Summary Judgment is granted.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

a *de novo* determination of those portions of the R&R to which specific objection is made. Here,

however, because no objection has been made, this Court "must 'only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'" *Diamond v.*

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72

advisory committee note). Moreover, in the absence of specific objections to the R&R, the Court

need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

On November 2, 2013, Plaintiff, James A. Seabrook ("Plaintiff") was arrested for possession with the intent to distribute crack and marijuana after police officers with the Monck's Corner Police Department responded to a call from a female victim who claimed she had been assaulted by Plaintiff at the Carolina Inn Motel. (Dkt. No. 42). Two officers, Defendants Shawanda Winder and Ronitto Dozier, arrived at the motel and met the victim who then directed the officers to the room where she was staying and where she believed Plaintiff to be. (*Id.*). When the officers went into the motel room, a second female occupant consented to the officer's search of the room. (*Id.*). The officers found Plaintiff hiding underneath the bed, and after arresting Plaintiff, the officers preformed a protective sweep of the room and found a clear plastic bag in an open box on a shelf. (*Id.*). The clear bag contained a green leafy material immediately apparent to the officers as marijuana. (*Id.*). Plaintiff proceeded to ask the officers for a cigarette and when the officers reached in to his cigarette pack, they found a white powdery material and several pills in his pack. (*Id.*). Officer Franklin Thompson, another Defendant in this suit, arrived on the scene and identified the substances found in the cigarette pack as contraband. (*Id.*).

In his complaint, Plaintiff alleges that when Officer Thompson arrived at the motel room, he sputtered the phrase "[t]wo white lady and a black man where's (sic) the drugs?" (Dkt. No. 1). In his opposition to summary judgment, Plaintiff shows that he is a black man and complains that he was arrested without probable cause because of his race, and that the search which led to the discovery and seizure of the contraband was illegal because "once [he] was located

2

permission to search terminated ...." (Dkt. No. 39). Plaintiff complains that the allegedly unlawful search was conducted because of the officer's racial bias and he further emphasizes his argument by indicating that although the contraband was found in a common area, where either he or the two white women could have accessed it, he was the only one arrested. (*Id.*). Thus, Plaintiff alleges that Defendants violated the provisions of 42 U.S.C. § 1983 because their search was unlawful and motivated by racial bias. (*Id.*).

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." For the reasons stated in the R&R, the Court agrees with the Magistrate Judge that Defendants Moncks Corner Police Department, Frankie Thompson, Shawanda S. Wilder, and PTL Dozier are entitled to summary judgment.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court agrees with the Magistrate Judge in finding that Plaintiffs claims against the Moncks Corner Police Department should be summarily dismissed. A municipality, or other government entity such as the police department, may only be liable under 42 U.S.C. § 1983 if the constitutionally offensive actions of its employees are done in furtherance of some municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff failed to allege that the allegedly wrongful actions of the individual defendants was in furtherance of a policy, custom or practice of the Moncks Corner Police Department. Therefore, Defendant Moncks Corner Police Department is entitled to summary judgment. *See Milligan v.*

3

*City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984) (affirming dismissal where "[t]here was . . . no properly pleaded allegation of the existence of a 'policy, practice, or custom' upon which municipal liability for the deprivations allegedly suffered by [the plaintiff] could be based.").

Additionally, for the reasons stated in the R&R, the court agrees with the Magistrate Judge in finding that Plaintiff's claims against the individual Defendants Frankie Thompson, Shawanda S. Wilder, and PTL Dozier should be summarily dismissed. "One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Plaintiff does not deny that a fellow occupant of the motel room consented to the search of the room or that the consent was expressly terminated at any time. Thus, a right secured by the Constitution was not violated by the officer's search of the room and a § 1983 action does not lie.

## Conclusion

The District Court **ADOPTS** the Magistrate Judge's R&R, (Dkt. No. 42), as the order of the Court. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** and the complaint is **DISMISSED**.

**AND IT IS SO ORDERED**

The Honorable Richard Mark Gergel
United States District Court Judge

October _6_, 2014
Charleston, South Carolina

4